## 1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

## STATE OF LOUISIANA

NO. 617,693      JENNIFER WALKER           DIV. C

VERSUS

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT
AND BROOKSHIRE GROCERY COMPANY

FILED:_____      _____
                                    DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jennifer Walker, a person of the full age of majority and a resident of and domiciled in the Parish of Caddo, State of Louisiana, who, with respect, shows the Court as follows:

I.

That **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**, made a party defendant herein, is a foreign insurer authorized to do and doing business in the State of Louisiana at all relevant times herein. That **BROOKSHIRE GROCERY COMPANY, INC.**, made a party defendant herein, is a corporation organized under the laws of the State of Texas, with its principle place of business in Texas, that registered to do, and has been, conducting systematic and continuous business in the Parish of Caddo, State of Louisiana, at all relevant times herein. a foreign company authorized to do and doing business in the State of Louisiana. That Defendants are liable to Plaintiff jointly and/or in solido for the following:

II.

At all relevant times herein, Defendant, Brookshire Grocery Company, owned, controlled, exerted custody over, and had garde of immovable property located at or near 3705 Jewella Avenue, Shreveport, Louisiana (the "Premises"), where it operated a grocery store open to the general public called "Super 1 Foods & Discount Pharmacy."

III.

That on or about October 24, 2018, Plaintiff, Jennifer Walker, was on the Premises during its regular business hours to purchase the food held available for sale to the general public.

*Exhibit "A"*

IV.

That while on the Premises, Plaintiff, Jennifer Walker, encountered a puddle of liquid on the floor near the coolers that constituted an unreasonably dangerous hazard, and fell sustaining serious injuries. This liquid was located in the aisle intended for customer travel. The risk of harm, namely a fall resulting in injury, was foreseeable from this condition.

V.

That the aforesaid accident occurred through no fault of Plaintiff, Jennifer Walker, but rather solely through the fault of the Defendant, Brookshire Grocery Company, in breaching its duty to keep the premises of their establishment clean, safe and free from defects and hazards, and failing to use due care under the circumstances. Defendant's employees caused and/or failed to prevent the accumulation of the liquid substance on the floor or provide signs or other warning to alert Ms. Walker of the substance. Moreover, Defendant failed to keep the cooler in good working order. As such, Defendant is liable to Plaintiff pursuant to LSA C.C. Arts. 2317, 2317.1, and 2322, and La. R.S. 9:2800.6, for the damages occasioned by her fall.

VI.

Defendant, Brookshire Grocery Company, its employees and agents, knew or should have known of this unreasonably dangerous liquid substance on the Premises, as a number of unnamed employees were in that area, and the liquid substance came from the coolers themselves or their leaking or spilled contents. This cooler further was in defective condition in that it discharged liquid to the surrounding area, and such discharges are, therefore, foreseeable. As such, they either created the hazard, saw the hazard accumulate, or should have seen the substance prior to the accident and taken steps to remove it, yet failed to do so.

VII.

Defendant, Brookshire Grocery Company, owed a number of specific duties to Plaintiff which were breached and said breach caused injury to plaintiff. These duties include, but are not limited to taking the following actions with respect to water in the area in question at the time of the incident:

    A. Removing the liquid;
    B. Place floor mats where needed;
    C. Provide, place, and use, "dry mops," to address any wet areas;
    D. Conduct periodic inspections of the area in question to ensure that it is dry;
    E. Place wet floor signs where floors are wet;

2

F. Provide constant, "Zone defense," in the area to prevent liquid accumulation;

G. Warn shoppers of wet areas; and to

H. Inspect and detect wet conditions in the area in question to prevent falls.

I. Keep their coolers in good working order and in water-tight condition.

Every employee in Defendant's employ is responsible for floor safety in all areas, including, but not limited to, reasonable, mandatory, non-discretionary inspection procedures which instruct all employees to be on the lookout for hazardous conditions, including the area where the incident occurred.

VIII.

That as a result of the aforesaid accident, Plaintiff, Jennifer Walker, has sustained serious bodily injuries, including, but not limited, to her right knee, left hip, lower back, and other parts of her body and mind, together with loss of enjoyment of life, past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to and from her physicians' offices, and permanent disability, all of which entitles Plaintiff to recover from Defendants such general and special damages as are reasonable in the premises.

IX.

Plaintiff shows that at all times mentioned hereinabove, there was in full force and effect a policy of insurance issued by Defendant, Travelers Indemnity Company of Connecticut, under the terms and conditions of which it agreed to insure and indemnify Defendant, Brookshire Grocery Company, from the type of liability asserted herein.

X.

Plaintiff further shows that this case involves damages in excess of $75,000.00, exclusive of interest and costs.

**WHEREFORE**, Plaintiff, Jennifer Walker, prays that Defendants, Travelers Indemnity Company of Connecticut and Brookshire Grocery Company, be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, Jennifer Walker, and against Defendants, Travelers Indemnity Company of Connecticut and Brookshire Grocery Company, jointly and/or in solido, for all general and special damages as are reasonable in the premises, said judgment to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all legal and equitable relief this Honorable Court may deem appropriate.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130-6036
TELEPHONE: (504) 526-1162
FACSIMILE: (504) 617-7657
E-MAIL: jrichards@morrisbart.com

BY: _____
JOHN RICHARDS, NO. 35979

**PLEASE SERVE:**

**TRAVELERS INDMNITY COMPANY OF CONNECTICUT**
Through the Honorable Secretary of State,
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**BROOKSHIRE GROCERY COMPANY**
*Through Its Registered Agent for Service of Process*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816



ENDORSED FILED
TORI HAYES, DEPUTY CLERK
JUL 08 2019