UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JENNIFER WALKER | CIVIL ACTION NO. 19-cv-1065 |
| VERSUS | JUDGE DOUGHTY |
| BROOKSHIRE GROCERY CO., ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Jennifer Walker ("Plaintiff") filed suit in state court against Brookshire Grocery Company and its insurer based on allegations that she slipped and fell in a puddle of liquid while grocery shopping. Plaintiff alleged in her state court petition that her "case involves damages in excess of $75,000," and Defendants removed the case based on diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 12) in which she argues that Defendants did not meet their burden of establishing that the amount in controversy exceeds $75,000. For the reasons that follow, it is recommended that the motion be denied.

### Analysis

Federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between citizens of different states. 28 U.S.C. § 1332(a). Subject to some exceptions, if a civil action is filed in state court and the federal courts would have original jurisdiction, the defendants may remove the case to federal court. 28 U.S.C. § 1441(a). The notice of

removal must be filed within 30 days after service on the defendant of the initial pleading that sets forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b). Although timeliness is not challenged in this case, it is relevant that service of the initial petition triggers the removal period if "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).

Plaintiff's state court petition alleged that she was in a Brookshires store when she encountered a puddle of liquid on the floor near some coolers, fell, and sustained "serious injuries." Petition, ¶ IV. Plaintiff alleged that she "sustained serious bodily injuries, including, but not limited to, her right knee, left hip, lower back, and other parts of her body and mind, together with loss of enjoyment of life, past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to and from her physicians' offices, and permanent disability, all of which entitles Plaintiff to recover from Defendants in such general and special damages as are reasonable in the premises." Petition, ¶ VIII.

Louisiana Code of Civil Procedure Art. 893 provides that no specific monetary amount of damages shall be included in the allegations or prayer for relief of any demand. "The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." La. C.C.P. Art. 893(A)(1).

The prayer in Plaintiff's petition asks for "all general and special damages as are reasonable in the premises," but Paragraph X of the petition contained a specific allegation about the amount in controversy. It alleged: "Plaintiff further shows that this case involves damages in excess of $75,000.00, exclusive of interest and costs." Plaintiff did not state whether this allegation was made pursuant to Article 893 to suggest that the federal court would have jurisdiction or if it was for some other purpose. Many plaintiffs allege that the amount at issue exceeds $50,000, which triggers the right to a jury trial, La. C.C.P. art. 1732, but there is no indication that this is what Plaintiff was trying to accomplish. Neither Plaintiff's petition nor her memoranda explain why she made the allegation.

The typical personal injury petition filed in a Louisiana court does not set forth any demand for a specific amount of damages. In such cases, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014).

It is often stated that the defendants in such cases may satisfy their burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy— in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171

F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc</u>., 193 F.3d 848 (5th Cir. 1999). Plaintiff argues that Defendants are obligated to present summary-judgment type evidence to establish the amount in controversy, but that is not the law.

Plaintiff argues that it is not facially apparent that her claims are in excess of $75,000 and that Defendants have not set forth any additional facts regarding the amount in controversy. It is correct that Defendants have relied solely on the allegations in the petition and have not articulated or offered any additional facts regarding the amount of medical expenses, surgeries, pre-suit settlement demands, or other relevant facts. Thus, it must be determined whether it is facially apparent from the petition that more than $75,000 is in controversy.

This court has noted that virtually every personal injury petition filed in state and city courts alleges, severe, disabling, or permanent injuries, even when only mild soft tissue injuries are at stake. The petitions also tend to include standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. regardless of the injuries or particular facts. <u>Nordman v. Kansas City Southern</u>, 2009 WL 976493 (W.D. La. 2009); <u>Wright Family Investments, LLC v. Jordan Carriers, Inc</u>., 2012 WL 2457664 (W.D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. <u>Carr v. Mayclin</u>, 2018 WL 4839236, *2 (W.D. La. 2018). If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable. <u>Id</u>.

This case, however, is different from those in which the petition makes a generic allegation of an unspecified injury and sets forth the standard categories of damages. Plaintiff specifies in her petition that she suffered injuries to her knee, hip, back, and other parts of her body and mind. She also includes in the categories of damages an assertion of permanent disability. Jurisdiction has been found based on similar allegations. The plaintiff in Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) "alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back." She also requested damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." The Fifth Circuit affirmed the district judge's denial of a motion to remand, finding that the allegations made it facially apparent that more than $75,000 was at issue.

In a similar case, Hernandez v. USA Hosts, Ltd., 418 Fed. Appx 293, 294 (5th Cir. 2011), the Court found that it was facially apparent the amount in controversy was present when the plaintiff alleged that she "sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages which will be demonstrated at the trial of this matter." The petition also alleged that the losses were "either permanent, or continuing in nature, and Plaintiff will suffer losses in the future."

Another important fact is that Plaintiff specifically alleged in her petition that "this case involves damages in excess of $75,000.00, exclusive of interest and costs." When a case is removed based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to exceptions including when state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2). Plaintiff argues that her petition falls into the category of one that does not include a demand for a specific amount of damages. She may not have included such a demand in her prayer, but the allegation in the body of her petition could not have been clearer, and presumably Plaintiff made that allegation in good faith. The allegation was so clear that there is no doubt that it triggered the 30-day removal period under <u>Chapman</u> and required Defendants to remove the case promptly, lest Plaintiff challenge a later removal as untimely.

The undersigned finds that the allegation in Paragraph X of the petition is sufficient to constitute a sum demanded in good faith in the initial pleading and, thus, establish the amount in controversy under 28 U.S.C. § 1446(c)(2). To hold otherwise would allow a plaintiff to take advantage of the <u>Chapman</u> rule to unfairly manipulate the removal process by (1) contending that their $75,000 allegation triggered the 30-day removal period and (2) arguing that the allegation was too conclusory to support a removing defendant's burden on the amount in controversy. If the allegation of paragraph X is not treated as a controlling demand under § 1446(c)(2), it is still relevant evidence, and Defendants may meet their burden by pointing to it and other facts that show by a preponderance that the amount in controversy is met. 28 U.S.C. § 1446(c)(2)(B). Plaintiff's specific allegation that more

than $75,000 is in controversy is accompanied by her allegations of a combination of injuries to specific parts of her body and requests for damages that include an award for permanent disability. Those facts, considered together, are sufficient to meet Defendants' preponderance of the evidence burden with respect to the amount in controversy.

Plaintiff attaches to her reply memorandum (Doc. 16) a Report and Recommendation filed in Batiste v. Nationwide Property, 16-cv-0951 (W.D. La.), a case filed in another division of this court, in which remand was ordered despite a similar allegation by a plaintiff that the amount at issue exceeded $75,000. The petition in that case alleged that the plaintiff suffered "serious injuries to his mind and body," without further specification. The court ordered the defendants to provide additional information or allegations regarding the amount in controversy, but they filed nothing. When the plaintiff filed a motion to remand, the defendants advised the court that they would not oppose the motion, and the magistrate judge recommended the motion be granted. But the motion in this case is opposed, and there are more than generic facts alleged with regard to the injuries and damages at issue. This case is, therefore, distinguished from Batiste.

Accordingly,

It is recommended that Plaintiff's **Motion to Remand (Doc. 12)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of October, 2019.

Mark L. Hornsby
U.S. Magistrate Judge